UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| ALEXIS GARCIA | : | |
| | : | |
| vs. | : | C.A. No. 06-98-ML |
| | : | |
| UNITED STATES OF AMERICA | : | |

## MEMORANDUM AND ORDER

Mary M. Lisi, Chief United States District Judge

Alexis Garcia ("Garcia") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, that motion is denied.

## BACKGROUND AND TRAVEL

On November 12, 2002, Providence police, acting on a tip from a confidential informant, arrested Garcia as he drove away from an apartment at 41 Ontario Street in Providence. The informant had alerted police that Garcia was conducting a heroin operation out of the apartment and that he planned to conduct a drug delivery on the day he was arrested. In the course of the arrest, officers conducted a pat-down search of Garcia and seized five bags of heroin weighing 16 grams. Immediately after the arrest, police searched the Ontario Street apartment after receiving the consent of its occupant, Garcia's girlfriend, Iris Montanez. During that search, police recovered a bag of heroin weighing 10.3 grams, as well as a digital scale, baggies, a mixing bowl containing heroin residue with Garcia's fingerprints on it, a gun and other items used in mixing and packaging heroin.

On April 29, 2003, a federal grand jury returned a three-count indictment, charging Garcia with: (1) possession with intent to distribute of a quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) possession of a handgun while being a convicted felon, in violation of

18 U.S.C. § 922(g)(1); and (3) possession of a handgun in furtherance of a drug crime, in violation of 18 U.S.C. §§ 924(c)(1). On June 4, 2003, Garcia's appointed counsel, Robert Watt, filed a Motion to Suppress the seized evidence, contending that the police lacked probable cause to search either Garcia or the Ontario Street apartment. After a three-day hearing, the Court denied Garcia's Motion to Suppress, ruling that the police had a reasonable suspicion to stop Garcia and conduct a pat-down search based on their investigation to date and that Ms. Montanez voluntarily consented to the search of the Ontario Street apartment. (See Transcript of Hearing on Motion to Suppress conducted on August 8, 2003 at 20-30.)

Garcia thereafter signed a plea agreement and pled guilty to possession with intent to distribute an unspecified quantity of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (See Transcript of Change of Plea Hearing conducted on September 8, 2003 ["Plea Tr."] at 6.) As part of the plea agreement, the Government agreed to seek the dismissal of the two firearms charges as well as two sentencing enhancement informations it filed. (Id. at 7-8.)

Prior to sentencing, Garcia filed a Motion for Downward Departure, claiming that the drugs seized when he was arrested were intended for distribution among his friends and for recreational use only. At the sentencing hearing conducted on February 27, 2004, neither Garcia nor his counsel challenged the findings in the Presentence Investigative Report ("PSR"), and Garcia admitted to possessing ten grams of heroin at the time of his arrest. (See Transcript of Sentencing Hearing conducted on February 27, 2004 ["Sent. Tr."] at 2-3; 21-23.) The Court, after hearing argument, denied Garcia's Motion for Downward Departure. (Id. at 15-18.)

Because Garcia had two or more felony convictions involving drugs or violence, he was deemed a Career Offender under § 4.B1.1(a) of the United States Sentencing Guidelines. (See PSR

¶ 24.) His Guideline sentencing range was calculated to be 168 - 210 months imprisonment, based on a total offense level, after a two-level reduction for acceptance of responsibility, of 30 and a Criminal History level of VI. Garcia was sentenced to a term of fifteen years (180 months) imprisonment. (Sent. Tr. at ¶ 27.)

Garcia appealed, represented by new counsel. The Court of Appeals summarily affirmed Garcia's conviction. See Judgment, United States v. Garcia, Dkt. No. 04-1308 (1st Cir. May 27, 2005). Garcia's petition for writ for certiorari was denied by the U.S. Supreme Court on October 3, 2005.

On March 6, 2006 Garcia filed the instant motion to vacate. In his motion, Garcia asserts three ineffective assistance claims: (1) that his appellate counsel failed to appeal this Court's denial of his Motion to Suppress; (2) that his trial counsel allowed him to admit to the Court the quantity of drugs involved; and (3) that his trial counsel failed to raise an entrapment defense. (Motion to Vacate ¶ 12.) The Government objected to the motion to vacate (see Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ["Govt Obj."]), and Garcia has filed a reply to the Government's Response (Movant's Response to the Government's Response to Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ["Reply"]). The matter is ready for decision.[1]

---

[1] In his Reply Garcia requests an evidentiary hearing on his claims. (Reply at 7.) However, no hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing is required where the district judge is thoroughly familiar with the case).

DISCUSSION

Under Strickland v. Washington, a defendant who claims ineffective assistance of counsel must establish: (1) that his counsel's performance "fell below an objective standard of reasonableness;" and (2) that there is "a reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). There is a presumption that an attorney's performance "falls within a wide range of reasonable professional assistance." Lema v. United States, 987 F.2d 48, 51 (1st Cir. 1993) (quoting Strickland, 466 U.S. at 689, 104 S.Ct. at 2065).

To determine whether counsel's performance was objectively deficient, courts consider the totality of the circumstances, keeping in mind counsel's perspective at the time, and the distortions of hindsight. Strickland, 466 U.S .at 687, 104 S. Ct. 2065; Singleton v. United States, 26 F.3d 223, 238 (1st Cir. 1994). Counsel does not have a duty to pursue every legal option, especially those which are frivolous or weak, Tuitt v. Fair, 822 F.3d 166, 172 (1st Cir. 1987), but rather has discretion to make tactical decisions based upon his professional judgement. See United States v. Ortiz Oliveras, 717 F.2d 1, 3 (1st Cir. 1983) ("tactical decisions, whether wise or unwise, successful or unsuccessful, cannot ordinarily form the basis of a claim of ineffective assistance"). A defendant must show that counsel's advice was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449 (1970).

To satisfy the prejudice element, "a defendant must show a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.

The Strickland test for determining ineffective assistance applies not only to trial counsel but to appellate counsel as well. See Smith v. Robbins, 528 U.S. 259, 285, 120 S.Ct. 746 (2000).

Here, none of the claims of ineffective assistance raised by Garcia have merit.

A. Failure to Appeal Denial of Motion to Suppress

Garcia first claims that his appellate counsel was ineffective for failing to challenge this Court's order denying his Motion to Suppress on appeal. The short answer to this claim is that Garcia waived his right to appeal the suppression order when he pled guilty. It is well established that "an unconditional guilty plea insulates virtually all earlier rulings in the case from appellate review." United States v. Cordero, 42 F.3d 697, 698 (1st Cir. 1994) (citing Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608 (1973) ("[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the guilty plea.").[2] Thus, appellate counsel was not ineffective for failing to appeal the Court's denial of Garcia's Motion to Suppress.

Garcia further claims that his trial counsel was remiss in not preserving Garcia's right to appeal the denial of his Motion to Suppress as part of his plea agreement and in not advising Garcia that pleading guilty would prevent him from contesting the suppression ruling on appeal. (See Reply at 3.) However, Garcia does not allege that he sought to have his counsel preserve the suppression ruling for appeal. Moreover, there is no indication in the record that the Government would have agreed to a conditional guilty plea preserving the right to appeal the suppression ruling,

[2] For the same reason, this Court need not consider Garcia's related contentions (see Reply at 3-7) concerning standing to object to the search and the voluntariness of his girl friend's consent to the search of the apartment.

and given the plea bargain that Garcia received, including the dismissal of two additional charges against him and two sentencing enhancement informations, it is unlikely that he would have elected to forego these benefits and go to trial had the Government not agreed to this condition. Thus, trial counsel could have reasonably determined not to jeopardize the plea agreement by pressing for a conditional guilty plea, in view of the potentially harmful consequences to Garcia. Such a tactical decision does not constitute objectively deficient performance.[3]

B. Admission Regarding Drug Quantity

Garcia next claims that his counsel provided ineffective assistance by allowing him at the sentencing hearing to admit the amount of drugs found in his possession. This claim is spurious.

First, because Garcia's admission was made in the context of a colloquy with the Court at sentencing that Garcia himself initiated (see Sent. Tr. at 20-21), it was reasonable for counsel to permit Garcia to respond to the Court's questions. Moreover, the gross weight of drugs found on Garcia's person was clearly set forth in the Presentence Report (PSR ¶ 12), to which Garcia did not object.

More significantly, Garcia in any event could not have been prejudiced by his admission concerning drug quantity (or by counsel's failure to prevent it), because, as the Government points out, the amount of drugs was irrelevant to Garcia's sentencing range. Instead, Garcia's sentence was determined by his status as a Career Offender. See U.S.S.G. § 4B1.1; PSR ¶ 24. The Court correctly classified Garcia as a Career Offender under the sentencing guidelines in light of the extent and nature of his criminal history, and it was this status that supported the calculation of his total offense

[3] Garcia's claim that the Court did not inform him that he was waiving his right to appeal and that he did not knowingly and intelligently waive his right to appeal is likewise without merit. The plea agreement did not require Garcia to waive all of his appeal rights, and in fact, he filed a direct appeal.

level and the length of his sentence.

C. Entrapment Defense

Garcia's third and final claim – that his counsel provided ineffective assistance by failing to raise an entrapment defense – also fails. To establish an entrapment defense, a defendant must prove that (1) the Government improperly induced the crime; and (2) the defendant was not predisposed to commit such a crime. United States v. Glaum, 356 F.3d 169, 177 (1st Cir. 2004), judgment vacated on other grounds by, 125 S. Ct. 1030 (2005); United States v. Gamache, 156 F.3d 1, 9 (1st Cir.1998).

Here, Garcia cannot not establish either. First, there was no evidence of improper inducement by the Government. As Garcia himself admitted in open Court, the confidential informant was someone he had shared or sold drugs with previously. (Sent. Tr. at 21, 24.) Second, Garcia's extensive criminal history evidenced a strong predisposition to commit drug offenses. Thus, an entrapment defense under these circumstances would have been futile. Counsel was not obligated to raise it. See Vieux v. Pepe, 184 F.3d 59, 64 (1st Cir. 1999)(counsel's performance not deficient for declining to pursue a futile tactic).

This Court has considered Garcia's other arguments and finds them to be without merit.

CONCLUSION

For all the foregoing reasons, Garcia's motion to vacate is DENIED and DISMISSED.

IT IS SO ORDERED:

Mary M. Lisi
Mary M. Lisi
Chief U.S. District Judge
Date: April 9, 2007